IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM REDSHAW,<br>        Plaintiff,<br><br>vs.<br><br>JEFFERY AYERS, PA Dept of Probation<br>and Parole Agent @ Mon Valley<br>Sub-Office,<br>        Defendant. | Civil Action No. 13-317<br>Judge Kim R. Gibson/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 15 |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

Plaintiff William Redshaw ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution ("SCI") at Fayette. Plaintiff brings this civil rights action against Defendant Jeffrey Ayers ("Ayers"), an agent of the Pennsylvania Department of Probation and Parole, alleging that Ayers violated his rights provided by the Fourth Amendment to the United States Constitution and Article 1 of the Pennsylvania Constitution relative to Plaintiff's arrest for violating his parole.

Presently before the Court is a Motion to Dismiss ("the Motion") submitted on behalf of Defendant Ayers. ECF No. 15. For the reasons that follow, it is respectfully recommended that the Motion be granted.

**II. REPORT**

    **A. FACTUAL AND PROCEDURAL BACKGROUND**

On May 18, 2004, Plaintiff pled guilty to a number of sex offenses before Judge Lawrence J. O'Toole of the Court of Common Pleas of Allegheny County, Pennsylvania, and was sentenced to serve a term of imprisonment of 2½ to 5 years followed by three years of

probation. ECF No. 16-2, p. 3-4. Plaintiff alleges that on July 15, 2011, a little over six weeks before his probation was due to expire, Defendant Ayres saw Plaintiff at the Mon-Valley Sub-Office and searched a bag that Plaintiff had brought with him. ECF No. 4, p. 4, ¶¶ 1, 4. Ayers found a sealed letter addressed to an "Eric Mackey" in the bag and ordered Plaintiff to open the letter and allow Ayers to read it. Id. at ¶¶ 1, 2. According to the Complaint, the letter contained a graphic discussion of Plaintiff's "then of-age fiancé." Id. at ¶ 3. Plaintiff alleges that Ayres told him that no violation would be entered but that he would be given house arrest until his probation expired on August 26, 2011. Id. at ¶ 4.

Plaintiff contends that Ayers subsequently faxed a copy of the letter to Jim Johns, the facilitator at the sex-offender program that Plaintiff was attending at Mercy Behavior Health. Id. at ¶ 6. After consulting with a superior, Mr. Johns told Plaintiff that he was being removed from the program due to "an inability to show that [Plaintiff] had learned from his time in the program;" the letter was cited as proof of Plaintiff's failing. Id. at pp. 4-5, ¶ 6. It also appears that Plaintiff had previously missed "several sessions" of his sex-offender program due to a respiratory infection. Id. at p. 4, ¶ 5.

Plaintiff claims that upon being removed from the sex-offender program he called Ayres' supervisor, Ed Lauth, who allegedly told Plaintiff to remain at home while Lauth consulted with Ayres. Id. at p. 5, ¶ 7. Plaintiff contends that as a result of being told to stay at home, he missed his regularly scheduled appointment with Ayres. Id. Lauth was apparently unable to reach Ayers and, three days later, Ayres came to Plaintiff's home and arrested him for failing to complete the court-ordered sex-offender program and for not reporting. Id. at ¶ 8. Plaintiff claims that he subsequently spent seven months in the Allegheny County Jail, at which

point Judge O'Toole revoked Plaintiff's probation and issued a sentence of 1½ to 3 years to be served in a State prison. Id. at ¶ 9. See ECF No. 16-1, pp. 2-3.

Plaintiff initiated the instant action on March 4, 2013, and the Complaint was filed on May 9, 2013. ECF Nos. 1, 4. Plaintiff complains that by sending the illegally confiscated letter to the sex-offender program, Ayers violated Plaintiff's rights provided by the Fourth Amendment to the United States Constitution and Article 1 of the Pennsylvania Constitution by "breaking Postal Law and infringing upon [his] Privacy Rights." ECF No. 4, p. 5, ¶ 10. Plaintiff seeks prosecution of Ayres for mail tampering and cash damages for his subsequent illegal confinement. Id. at pp. 3, 6.[1]

Defendant Ayers filed the pending Motion to Dismiss on September 4, 2013, to which Plaintiff responded on September 18, 2013. ECF Nos. 15, 18. As such, the Motion is ripe for review.

B. **STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to

---

[1] Although Plaintiff also requested in the Complaint that he be immediately released from custody, he has indicated in his Response to the Motion to Dismiss that he wishes to withdraw that request. ECF No. 18, p. 2, ¶ 16.

raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### C. DISCUSSION

As previously discussed, Plaintiff has alleged in the Complaint that Defendant Ayers violated his rights provided by the Fourth Amendment to the United States Constitution and Article 1 of the Pennsylvania Constitution by illegally confiscating and disseminating his mail in an effort to have Plaintiff's probation revoked. Plaintiff's claims, however, appear to be barred under Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck"), which holds that:

> in order to recover damages for allegedly unconstitutional conviction *or imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction *or sentence* has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*

4

Heck, 512 U.S. at 486–87 (emphasis added) (footnote omitted).

Here, it is clear that if Plaintiff were successful in proving his claim that Defendant Ayers violated his rights provided by the Fourth Amendment, Plaintiff would necessarily be calling into question the validity of his parole revocation and resulting sentence which, according to the Complaint, stemmed from Ayers' illegal confiscation of Plaintiff's letter. This is precisely the type of claim that the United States Court of Appeals for the Third Circuit and its sister circuits have found constitutes an attempt to challenge the fact or duration of a conviction or, in this case, a sentence, and that such claims are barred under Heck absent a showing that his sentence has been invalidated. Bierley v. Dombrowski, 309 F. App'x 594, 597 (3d Cir. 2009). See White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) ("[a] § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the 'fact or duration of [the plaintiff's] confinement'" and is barred by *Heck*); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (Heck "applies to proceedings that call into question the fact or duration of parole or probation"); Miller v. Indiana Dep't of Corr., 75 F.3d 330, 331 (7th Cir. 1996) ("[t]he reasoning of Heck v. Humphrey is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits"); McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995) ("[b]ecause an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the Heck element") (footnote omitted); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995) (same). See also Nellom v. Luber, 2004 WL 816922, at *7 (E.D. Pa. Mar. 18, 2004), *appeal dismissed*, 119 F. App'x 428 (3d Cir. 2004) ("claims, which are

5

based on the Parole Board Defendants' decisions, necessarily challenge the fact or length of Plaintiff's confinement. To the extent that Plaintiff seeks injunctive relief regarding the duration of his sentence, he may pursue such claims only in a petition for writ of habeas corpus. To the extent that Plaintiff seeks monetary damages for these actions under § 1983, the Supreme Court's decision in Heck . . . and the cases that have followed, bar Plaintiff's claims"). In the case at issue, Plaintiff has not alleged any facts that would suggest that his sentence for violating his parole has been invalidated. As such, Plaintiff's Fourth Amendment claim brought against Defendant Ayers is barred by Heck and is properly dismissed.

Having found that Plaintiff is unable to sustain his Section 1983 claim against Defendant Ayers it appears that the only claim remaining is that brought under the Pennsylvania Constitution. Where all claims over which the Court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). See Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999). Because there does not appear to be any extraordinary circumstances surrounding the instant case that would warrant the exercise of supplemental jurisdiction over Plaintiff's state claim, the Court should decline to do so.

This Court also notes that to the extent Plaintiff seeks to have Ayers criminally prosecuted for tampering with his mail, it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Snyder v. Aaron,

6

227 F. App'x 132 (3d Cir. 2007), *quoting* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). This means, of course, not only that Plaintiff, as a private citizen, is unable to bring a private criminal complaint against Ayers, but Plaintiff cannot force the state or federal government to investigate or prosecute the alleged crime either. Mikhail v. Kahn, ___ F. Supp. 2d ___, 2014 WL 114340, at *22 (E.D. Pa. Jan. 13, 2014), *citing* Johnson v. U.S. Dep't of Justice, 541 F. App'x 160, 161 (3d Cir. 2013) (per curiam) ("[n]or could Johnson bring a private criminal complaint against the judges or prosecutors, as 'a private citizen lacks a judicially cognizable interest in the prosecution ... of another'" (ellipsis in original); Williams ex rel. Faison v. U.S. Penitentiary Lewisburg, 377 F. App'x 255, 256 (3d Cir. 2010) (per curiam) ("[b]ecause Williams requested only criminal prosecution of those allegedly responsible for her brother's death, her claims are not cognizable"); United States v. Nixon, 418 U.S. 683, 693 ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").

Finally, although the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile. Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, because Plaintiff's claim brought under Section 1983 is clearly barred under Heck, it would appear that permitting Plaintiff to amend the complaint would be an exercise in futility. The Court therefore should decline to do so and dismiss Plaintiff's case with prejudice.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of Defendant Ayers [ECF No. 15] be granted and that the case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: March 24, 2014

cc: The Honorable Kim R. Gibson
United States District Judge

William Redshaw
KL-6467
SCI Fayette
Box 9999
LaBelle, PA 15450

All counsel of record by Notice of Electronic Filing